*Western Dist. October, 1831.*

HALL
*vs.*
MULHOLLAND.

When a deed of sale recites that certain notes or drafts have been given, and when paid, are to be in discharge or payment of the object sold; in case of non-payment, the vendor can obtain his order of seizure and sale on the deed and vendor's privilege, by showing that the notes or drafts remain unpaid.

---

## HALL *vs.* MULHOLLAND.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF RAPIDES.

According to the 312th article of the Code of Practice, three judicial days must elapse and intervene between taking judgment by default and making it final, or the judgment will be reversed and set aside.

The question involved in this case, relates to the final judgment rendered. The defendant and appellant insists that three judicial days did not intervene between the judgment by default and the final judgment.

WESTERN DIST.     On the seventeenth of August, 1830, the plaintiff filed his
October, 1831.  petition in the Probate Court claiming from Charles Mulhol-
HALL       land, executor of his father, the proceeds of sales of several
vs.       horses, amounting to seven hundred and fifty dollars, which
MULHOLLAND.  he alleges the executor refuses to pay over to him.

On the fourth of January, 1831, judgment by default was taken against the defendant. The court met on the fifth, and adjourned over to the February term, 1831. On the seventh of February, 1831, the court met pursuant to adjournment, and rendered final judgment in this cause.

*Winn*, for plaintiff, urged the affirmance of the judgment of the Probate Court, which was properly rendered in favor of the plaintiff.

*Boyce*, for the defendant, contended :

1. That three judicial days must elapse after judgment by default, before it can be made final. In this instance only one judicial day intervened, so that the judgment is not legal, and ought to be set aside. *Code of Practice, article* 312.

2. When the default is taken, the issue is joined tacitly ; and all proceedings after issue joined must be with leave of the court. *Ibid, articles* 360, 420.

3. But defendant, within three days, can have the default set aside, with leave of court ; so that the code contemplates judicial or court days.

*Porter, J.* delivered the opinion of the court.

The record shows that three judicial days did not elapse in this case between rendering judgment by default and entering up final judgment. The defendant and appellant assigns it for error, and has prayed the judgment may be reversed. The appellee has drawn our attention to the difference in the phraseology of the articles of the Code of Practice, in relation to new trials and rehearings by the Supreme Court, and that respecting judgments by default. In the former the terms " three judicial days" are used. In the latter, " three days,"

omitting the word "judicial," is the time assigned after default to make the judgment final.

Notwithstanding the support which the appellee's case fairly derives from the difference in the language used in regard to matters nearly similar, we still think the judgment was erroneously given below. The answer could not be filed until the judgment by default was set aside, and that could not be done but in open court. The law surely did not contemplate that a judgment by default for not answering, and an answer, should stand at one and the same time on the records of the court. The 314th *article of the Code of Practice* speaks of the judgment by default being set aside, and contemplates it to be done before the answer can be put in.

According to the 312th article of the Code of Practice, three judicial days must elapse and intervene between taking judgment by default and making it final, or the judgment will be reversed and set aside.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Probate Court be annulled, avoided and reversed: And it is further ordered and decreed, that this cause be remanded, to be proceeded in according to law, the appellees paying the costs of this appeal.